# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 14, 2010

No. 09-11053
Summary Calendar

Lyle W. Cayce
Clerk

In the Matter of:  MUT A. ASHERU,

DEBTOR

- - - - - - - - - - - - - - - - - - - - -

G. VON THOMAS,

Appellant,

v.

CARL MATHENIA; PAUL A. SCOTT,

Appellees.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:09-CV-978

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

G. Von Thomas, proceeding pro se, moves to proceed in forma pauperis (IFP) on appeal from the district court's dismissal of his appeal from the bankruptcy court's order denying his motion to strike the pleadings filed by Carl Mathenia and Paul A. Scott seeking to lift the automatic stay issued in the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

bankruptcy proceedings of Mut A. Asheru.  As a result of the stay being lifted, Thomas was evicted from property in Oklahoma.

The district court adopted the finding of the bankruptcy court that Thomas's motion to strike filed in the bankruptcy proceeding was frivolous and that his appeal was not taken in good faith because the Debtor had no interest in the property in which Thomas claimed a possessory interest and because Thomas was using the bankruptcy proceeding to thwart a state court proceeding. Further, the record reflects that the bankruptcy court had authorized Scott, an Oklahoma attorney, to represent Mathenia in the bankruptcy proceeding on a limited basis. *See* 11 U.S.C. § 105(a). The bankruptcy court's denial of Thomas's motion to strike does not raise an issue of arguable merit.

Thomas has not briefed his claim that the district court erred in referring the IFP motion to the bankruptcy court for the preparation of a report and recommendation and, thus, it is abandoned. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Thomas's complaints about the bankruptcy court's clerk docketing pleadings several days after they were filed or ruled upon does not raise a nonfrivolous issue on appeal.

Thomas had no standing to complain about the lack of notice of the motion to lift the automatic stay because he did not demonstrate that he had an interest in any property involved in the bankruptcy proceeding, and he did not make an appearance in the proceeding prior to the stay being lifted. *See* N.D. TEX. L.B.R. 4001-1(a)(1).

Because the district court did not err in determining that the appeal was not taken in good faith, the motion to proceed IFP on appeal is denied, and the appeal is dismissed as frivolous. *See* 5TH CIR. R. 42.2; *Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997).

IFP MOTION DENIED; APPEAL DISMISSED.